585 A.2d 434
WILLIAM J. YELDER AND CLETA YELDER, PLAINTIFFS, v.
RICHARD ZUVICH, ESQ., DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

Decided September 28, 1990.

*Daniel A. Williamson* for plaintiffs.

*Christopher J. Carey* for defendant (*Tompkins, McGuire & Wachenfeld,* attorneys).

MENZA, J.S.C.

The issue presented is whether a judgment rendered in one case is admissible as evidence in a subsequent case against a party who was not a party in the first case.

The complaint in this matter alleges legal malpractice in connection with a real estate transaction in which defendant represented the plaintiffs.

The facts are as follows. On September 11, 1987, plaintiffs entered into a contract to sell their home to Winston Riley and Maryann Masnik. The contract contained the traditional attorney review clause. On September 14, 1987, plaintiffs retained defendant, Richard Zuvich, as their attorney to review the contract and represent their interests in the transfer of the property. On September 16, 1987, Zuvich was instructed by plaintiffs to cancel the contract. On that date, he orally notified the attorney for the buyers that the contract was cancelled and at the same time sent to the buyer's attorney, via certified mail, return receipt requested, a written notice of cancellation. Plaintiffs thereafter entered into a second contact for the sale of the property to another person. Defendant also represented plaintiffs in that transaction. After entering into the second contract, plaintiffs received a letter from the Riley/Masnik attorney informing them that the original contract remained valid and in effect because it had not been cancelled in accordance with the terms of the contract.

In November 1987, Riley/Masnik brought suit, in chancery, for specific performance alleging that their contract with plaintiffs had been improperly cancelled and was therefore still in force and effect.

The trial took place in July 1989. Defendant attorney, Richard Zuvich, testified at the trial as a fact witness with respect to the cancellation of the contract. The court entered judgment

for specific performance. The judgment stated, in part, that there "had not been a modification of the attorney review clause by agreement between Mr. Bisogno, Riley and Masnik's attorney, and Mr. Zuvich relating to the method of cancellation notice utilized."

Plaintiffs now seek to introduce the judgment into evidence in this case.

Plaintiffs contend that because the issue of whether the contract with Riley and Masnik was properly cancelled, the premise of this suit, has been decided in the prior suit, defendant is precluded from again having the issue decided in this suit. He argues the doctrine of issue preclusion (collateral estoppel).

Defendant responds that this case is not governed by the doctrine of collateral estoppel because he was not a party to the first suit and therefore he may litigate the issue as it pertains to the malpractice claim against him.

Collateral estoppel is defined in the *Restatement, Judgments* 2d, § 27 (1982):

Issue Preclusion—General Rule

When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Defendant is not precluded from litigating the issue under this rule because he was not a party to the prior suit. But the doctrine of issue preclusion is not limited to situations where the parties are the same in a subsequent suit. The United States Supreme Court held that there need not be mutuality of parties in order for the issue preclusion doctrine to apply. In *Parklane Hosiery Co. v. Shore*, 439 *U.S.* 322, 99 *S.Ct.* 645, 58 *L.Ed.*2d 552 (1979), the Court permitted plaintiff to utilize collateral estoppel against defendant in order to estop defendant from re-litigating an issue which defendant had previously litigated and lost in a prior case (offensive estoppel). In *Blonder-Tongue Laboratories, Inc., v. University of Illi-*

*nois Foundation*, 402 *U.S.* 313, 91 *S.Ct.* 1434, 28 *L.Ed.*2d 788 (1971), the Supreme Court permitted defendant to utilize the doctrine in order to estop plaintiff from asserting a claim against him in which plaintiff had previously litigated and lost against another defendant (defensive estoppel). *See also United Rental Equipment Co., v. Aetna Life & Cas. Ins. Co.*, 74 *N.J.* 92, 376 *A.*2d 1183 (1977). Neither offensive nor defensive estoppel is applicable to this case.

It cannot be used offensively against defendant because defendant was not a party to the first suit. Of course defendant does not wish to utilize the doctrine. Therefore, since the doctrine of issue preclusion is inapplicable to this case, the question of whether the contract was properly cancelled may again be decided by the factfinder. The question this court must now decide is whether the fact that defendant has a right to have the issue re-litigated thereby operates to bar plaintiff from introducing the prior judgment into evidence. In other words, is it admissible even though it is not conclusive?

In 4 *Wigmore, Evidence* (Chadbourn rev. 1972), § 1346 the author states:

> But may not a judgment in a prior cause be at least admissible as evidence when the issue there investigated was substantially the same as the present one.
>
> The analogies of other rules would seem to justify this, on principle. Many kinds of returns, reports, and certificates, made by an official who has investigated in the course of duty, are receivable, both at common law and by statutes (§§ 1664–1676 *infra*). Is not the finding of a judge, or the verdict of a jury, based on at least as thorough an inquiry as those other reports and certificates? Has it not some value as evidence, even though not conclusive?

In *McCormick, Evidence*, § 318 (1984) Professor McCormick comments on the distinctions between conclusiveness and admissibility:

> Where the doctrines of res judicata or collateral estoppel, or in modern terminology claim preclusion or issue preclusion, make the determinations in the first case binding in the second, of course, the judgment in the first case is not only admissible in the second, but it is as a matter of substantive law conclusive against the party. If neither res judicata nor collateral estoppel applies, however, the courts have traditionally been unwilling to admit judg-

ments in previous cases. The judgments have been regarded as hearsay and not within any exception to the hearsay rule.

A variety of reasons have been advanced for this rule. Civil cases often involve numerous issues, and it may be difficult to determine what issues a judgment in fact determined. This, however, argues only for a requirement that one offering a judgment establish as a prerequisite for its admissibility that it did in fact determine an issue relevant to the instant litigation. It is also argued that the party against whom the judgment is offered may not have had an opportunity to be present and to participate in the first action. *This misses the point, however, as the appropriate question in deciding whether the hearsay objection should be sustained in this context is not the party's opportunity to have been present at the official investigation but rather whether that investigation provided adequate assurance of reliability.* [at 894; emphasis supplied]

Neither the Uniform Rules of Evidence nor the Federal Rules of Evidence specifically provide for the introduction into evidence of a judgment of a prior case. Instead each rule provides generally for the introduction of hearsay statements which are made under circumstances that guarantee the trustworthiness of the statement. See Uniform Rules of Evidence, 803(24).[1] The New Jersey Rules of Evidence, however, do specifically provide for the introduction into evidence of a judgment against a judgment debtor who seeks indemnification or exoneration from a third person.

*Evid.R.* 63(21) provides in pertinent part:

... except in a proceeding brought under the Joint Tortfeasors Contribution Law, N.J.S. 2A:53A–1 through 5, the record of a final judgment is admissible if offered by the judgment debtor in an action in which he seeks to recover partial or total indemnity or exoneration for money paid or a liability incurred because of the judgment, as evidence of the liability of the judgment debtor, of the facts on which the judgment is based and of the reasonableness of the damages recovered. If the defendant in the second action had notice of and opportunity to defend the first action, the judgment is conclusive evidence.

---

[1]Those rules state:

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness if the court determines that (i) the statement is offered as evidence of a material fact; (ii) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; (iii) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

In its comment to the rule, the Report of the New Jersey Supreme Court on Evidence (March 1963) states:

> Rule 63(21) as recommended here is the Legislative Commission version of the Uniform Rule approved by the original Supreme Court Committee, and different from it in one major respect. The recommended Rule provides that in an action by a judgment debtor to recover partial or total indemnity for money paid or liability incurred as the result of a judgment, the record of that final judgment is admissible as evidence not only of the liability of the judgment debtor but also of the facts on which the judgment is based. The Rule provides, further, that the evidence is conclusive on either of these issues if the defendant in the second action had notice of and opportunity to defend (whether he did so or not) in the first action.
>
> The purpose of Rule 63(21) is to give *probative* effect to the fact of a judgment and to the facts on which the judgment rests in cases where this is not a contractual matter.... The rationale of the Rule is that the probative value of such a judgment is sufficiently high to warrant its admissibility in evidence, thus, in effect, avoiding for the judgment debtor the necessity of relitigating the matter. On the other hand, the indemnitor can relitigate the matter if he wishes, and put the judgment debtor to better proof. The admissibility of the prior judgment and its underpinning satisfies the sufficiency requirement, but in a hotly contested case it may not be sufficiently persuasive. It is still only evidence; it is, however, conclusive against the defendant only where he could have defended in the original action. The Rule thus goes a bit further than collateral estoppel, which would be conclusive only on parties to the original proceeding as to litigated issues. This Rule would bar those who could have been parties. [at 200–201]

Although this rule is generally utilized in situations involving automobile liability claims, it is appropriately applied to the facts in this case.

The Chancery judge entered a judgment for specific performance in which he made specific findings and in which he concluded that plaintiff, through his attorney, defendant in this case, failed to properly cancel the contract in question. By doing so, he placed plaintiff in the status of a judgment debtor or person liable to respond to another. Plaintiff now seeks indemnity for the money damages he has incurred as a result of the specific performance order. Obviously, the judgment possesses the high degree of reliability required by the rule. It fits perfectly within the language and purpose of the rule. It is therefore admissible.